UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS S. MOSLEY, | ) |
| | ) |
| Plaintiff, | )   No: 20 CV 2277 |
| | ) |
| vs. | ) |
| | )   JURY DEMAND |
| DEPKE GAS & WELDING SUPPLIES, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(TITLE VII NATIONAL ORIGIN AND RACE DISCRIMINATION AND HOSTILE)
(WORK ENVIRONMENT)**

NOW COMES the Plaintiff, **CARLOS S. MOSLEY,** ("Plaintiff"), by and through his attorney, Michael T. Smith, and in complaining of **DEPKE GAS & WELDIN SUPPLIES, INC.**, ("Defendant"), and states as follows:

**NATURE OF ACTION**

1. Plaintiff seeks redress and relief under Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, for Defendant having subjected Plaintiff to a hostile work environment on the basis of his race.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707(e) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e- 6(e).

1

3. On June 6, 2020, Plaintiff timely filed a charge of race discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") under EEOC Charge Number 440-2020-05037 (attached hereto as "Exhibit A").

4. On July 7, 2020, the EEOC issued Plaintiff a Notice of Right to Sue on the aforementioned charge (attached hereto as "Exhibit B").

5. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C § 2000e-5(f)(3) because all of the unlawful employment practices alleged herein occurred in this district.

**PARTIES**

7. Plaintiff is a Black individual of African descent, a resident of the Campaign, County of Campaign, State of Illinois, and was at all times relevant to the allegations herein an employee of Defendant within the meaning of 42 U.S.C. 2000e(f).

8. Defendant is and has been at all times relevant to the allegations herein, a corporation organized under the laws of Delaware and doing business in Illinois and continuously employs over 15 employees.

9. Defendant is an employer within the meaning of the Civil Rights Act, 42 U.S.C. 2000e(b).

**STATEMENT OF FACTS**

10. Plaintiff began employment with Defendant in April of 2018.

11. At all times relevant to the allegations herein, Plaintiff held the position of a Pumper at Defendant's facility and was meeting the minimum standards of his employer.

12. This action brought against Defendant having subjected Plaintiff to race discrimination by failure to treat him the same as non-African American employees despite Plaintiff's complaints about same. Notwithstanding the foregoing, defendant discriminated against plaintiff in the terms and conditions of his employment on account of his race as further alleged herein.

13. Beginning in 2018 through the present, Plaintiff complained to Defendant, about the ongoing acts of discrimination against him by unfairly higher performance than non-African American employees and his conditions of employment.

14. Defendant by its action or actions of its agents set forth above, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of MOSLEY' employment and his performance in his occupation, by failing to treat him the same as non-African American employees and terminating him based on alleged poor performance on May 26, 2020. Further, by said acts, Defendant's agents created a discriminatory and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

15. As a direct result of defendant's actions, plaintiff has suffered damages in excess of $100,000 of race discrimination and disparate treatment by Defendant, Plaintiff has also suffered great pain, humiliation, and mental anguish, all to his damage.

16. Further, said action on the part of the Defendant was done with malice and reckless disregard for MOSLEY' protected rights.

17. Plaintiff exhausted all administrative and other remedies available to his before filing this complaint.

18. Thus, while meeting the minimum standards of his employer, Defendant willfully

discriminated against Plaintiff based upon his race in violation of Title VII.

19. Plaintiff has suffered humiliation and mental anguish.

20. Defendant's conduct was at all times intentional, willful, and wanton.

WHEREFORE, Plaintiff prays for judgment as follows:

    A. For monetary damages;

    B. For injunctive relief in the form of an order reinstating Plaintiff and enjoining Defendant from continuing to engage in discriminatory conduct;

    C. For statutory damages due to the Defendant's willful conduct;

    D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 U.S.C.A. § 2000e-5(k);

    E. Such other relief as is just and equitable; and

    F. The plaintiff requests a jury trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 RACE DISCRIMINATION)

21. Plaintiff realleges each and every allegation set forth above with the same force and effect as if set forth herein for the first time.

22. Due to Defendant's conduct, Plaintiff's civil rights under 42 U.S.C. § 1981 *et seq.* to perform, modify, and his employment contract with Defendant and enjoy all the benefits, privileges, terms, and conditions of that contractual relationship free of racial discrimination have been violated by Defendant.

23. Under 42 USC §1981 *et seq.*, Defendant is responsible for the acts of its supervisors.

24. The meaning of "race" under 42 USC §1981 is broad and is interpreted to include classes of persons based on their ancestry or ethnic characteristics. *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987).

25. Defendants' violations of 42 USC §1981 *et seq*. proximately caused Plaintiff to suffer mental stress and emotional pain and suffering.

26. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

27. Defendant's conduct was at all times intentional, willful, and wanton.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For monetary damages;

B. For injunctive relief in the form of an order reinstating Plaintiff and enjoining Defendant from continuing to engage in discriminatory conduct;

C. For compensatory damages in an amount to be determined at trial;

D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 USC §1988;

E. Such other relief as is just and equitable; and

F. The plaintiff requests a jury trial of this action.

Respectfully submitted,
**CARLOS S. MOSLEY**

BY:**/s/ Michael Smith**

Michael Smith

Michael T. Smith 6180407IL
Law Offices of Michael T. Smith & Assoc.
10 N. Martingale Road, Suite 400
Schaumburg, Illinois 60173
(847) 466-1099
Msmith39950@aol.com